IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: MICHAEL E. ROBINSON <br> Debtor | CHAPTER 13 <br> No. 24-14087-amc |

### TRUMARK FINANCIAL CREDIT UNION'S
### MOTION TO DISMISS DEBTOR'S CHAPTER 13 CASE

TruMark Financial Credit Union ("TruMark"), by and through its undersigned counsel, hereby moves this Court to dismiss the Chapter 13 bankruptcy case filed by Michael E. Robinson ("Debtor") pursuant to 11 U.S.C. § 1307(c) and § 105(a). In support of this motion, TruMark respectfully states as follows:

I. **INTRODUCTION**

1. This motion seeks dismissal of the Debtor's Chapter 13 bankruptcy case on the grounds that it was filed in bad faith and constitutes an abuse of the bankruptcy process.

2. TruMark is a secured creditor of the Debtor, holding a claim of $72,426.88 secured by the investment property at 1027 West Ruscomb Street, Philadelphia, PA 19141 (the "Investment Property").

3. The Debtor filed this Chapter 13 petition on November 13, 2024 in an apparent attempt to delay a pending sheriff's sale on said Investment Property scheduled for February 4, 2025.

## II. STATEMENT OF FACTS

4. On June 13, 2019, TruMark made a loan to Debtor secured by a mortgage on the property at 1027 West Ruscomb Street, Philadelphia, PA 19141.

5. Debtor defaulted on the loan, and TruMark obtained a judgment in foreclosure against the Investment Property on October 9, 2024 in the amount of $72,426.88.

6. A sheriff's sale of the Investment Property was scheduled for February 4, 2025 at 10:00 a.m., which has been postponed by the filing of this bankruptcy petition.

7. The Debtor's schedules reveal the following financial information:

    a. Total assets: $921,608.46;
    b. Total liabilities: $319,254.75;
    c. Monthly income: $8,070.22;
    d. Monthly expenses: $4,674.22; and
    e. Net monthly income: $3,396.00.

8. The Debtor owns multiple properties, including investment properties, which have substantial equity.

9. The Debtor has proposed a 100% repayment plan to all creditors through the Chapter 13 plan.

## III. LEGAL ARGUMENT

### A. Legal Standard for Bad Faith Dismissal

10. While 11 U.S.C. § 1307(c) does not explicitly list "bad faith" as cause for dismissal, courts have consistently held that bad faith constitutes "cause" for dismissal of a bankruptcy petition. *See, e.g., In re Lilley,* 91 F.3d 491, 496 (3d Cir. 1996).

11. The Third Circuit employs a "totality of the circumstances" test to assess whether a debtor has filed in bad faith, examining the debtor's conduct and intentions to determine if the filing was an abuse of the bankruptcy process. *Lilley,* 91 F.3d at 496 (citing *In re Love,* 957 F.2d 1350, 1355 (7th Cir. 1992)).

12. The Third Circuit listed the factors relevant to the totality of the circumstances inquiry:

> the nature of the debt ...; the timing of the petition; how the debt arose; the debtor's motive in filing the petition; how the debtor's actions affected creditors; the debtor's treatment of creditors both before and after the petition was filed; and whether the debtor has been forthcoming with the bankruptcy court and the creditors

91 F.3d at 496 (citing *Love,* 957 F.2d at 1357); accord *In re Myers,* 491 F.3d 120, 125 (3d Cir. 2007).

### B. The Timing and Circumstances of this Filing Demonstrate Bad Faith

13. The timing of this bankruptcy filing strongly suggests that the primary purpose was to delay legitimate creditor actions to postpone or cancel the Sheriff's sale on that certain Investment Property, rather than to effectuate a genuine reorganization.

14. Moreover, the Debtor's substantial assets of **$921,608.46** compared to liabilities of **$319,254.75** indicate that the Debtor certainly has the means to address his debts outside of bankruptcy.

15. The Debtor's significant monthly disposable income of **$3,396.00** further demonstrates Debtor's ability to pay debts without the need for bankruptcy protection.

16. Furthermore, the ownership of multiple investment properties, suggests that the Debtor has assets that could be liquidated to satisfy debts without resorting to bankruptcy.

17. Notably, TruMark is not seeking to foreclose the Debtor's residence, which would have been a valid reason for a Chapter 13 bankruptcy filing.

18. While the Debtor has proposed a 100% repayment plan over a period, Debtor's obligation to TruMark is currently due and owing in full. Thus, Debtor's proposed Plan does not negate the bad faith in filing when considering the totality of the circumstances.

19. Further, the Debtor's financial situation suggests that reorganization through bankruptcy is unnecessary.

20. Accordingly, this case presents several indicia of bad faith that should require the Debtor's bankruptcy to be dismissed:

      a. The filing occurred shortly after entry of the foreclosure judgment;
      b. The filing was made before a scheduled sheriff's sale;
      c. The Sheriff's sale was on a commercial investment property, and not on the Debtor's residence;
      d. The filing appears designed solely to invoke the automatic stay; and

  e. The Debtor has the ability to repay his debts outside of bankruptcy.

21. The totality of the circumstances clearly suggest that Debtor's bankruptcy filing was made purely for delay, and to protect an investment property, rather than a legitimate attempt at reorganization or to protect the Debtor's residence.

22. Further, despite TruMark's written request sent to Debtor's counsel on November 26, 2024 for insurance information on the Investment Property, TruMark has not received any information to reflect that the Investment Property is properly insured, or that TruMark is listed as the loss payee. A true and correct copy of the November 26, 2024 letter is attached hereto and made a part hereof as Exhibit "A".

WHEREFORE, for the foregoing reasons, TruMark Financial Credit Union respectfully requests that this Court:

  A. Dismiss the Debtor's Chapter 13 bankruptcy case pursuant to 11 U.S.C. § 1307(c);

  B. Grant relief from the automatic stay to allow TruMark to proceed with its scheduled Sheriff's sale of the Investment Property;

  C. Bar the Debtor from filing another bankruptcy petition for 180 days; and

D. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,
**BERGER LAW GROUP, P.C.**
/s/ Phillip D. Berger
Phillip D. Berger, Esquire
Attorney ID No. 58942
919 Conestoga Road, Building 3, Suite 114
Bryn Mawr, PA 19010
(610) 668-0800
*Attorney for TruMark Financial Credit Union*

Dated: November 9, 2024